BRITTON, Respondent, vs. ERICKSON, Appellant.

*October 22 — November 17, 1891.*

*Contracts: Pleading: Performance.*

1. In an action to recover damages for breach of a contract, the complaint alleged that in February, 1887, the defendant entered into a contract to sell and convey certain land to the plaintiff; that in the same month the plaintiff demanded a conveyance and tendered the balance of the consideration specified in the contract; that in March he again demanded such conveyance and tendered said balance; that the defendant then refused to execute such conveyance, and has since sold and conveyed the property to another person. *Held.* on demurrer, that this sufficiently alleges that the plaintiff duly performed the conditions of the contract on his part. It not appearing that any particular time was named for paying the purchase money, the law presumes that it was to be paid within a reasonable time.

2. It was not necessary to set out the contract in full. It will be presumed to have been in writing and valid under the statute of frauds.

APPEAL from the Circuit Court for *Douglas* County.

Action to recover damages for the breach of a contract

to convey land.   The substance of the complaint is stated in the opinion.   The defendant appeals from an order overruling a general demurrer to the complaint.

The cause was submitted for the appellant on the brief of *Catlin & Butler*, and for the respondent on that of *Champ Green*.

For the appellant it was contended that the complaint contains no sufficient allegation of a tender of the consideration.   It does not set out the contract in full, and there is no allegation of the time within which the balance of the consideration should be paid or tendered, and therefore the complaint does not show that it was *duly* tendered.   If a party undertakes to make a specific allegation of performance, he must make it with the particularity and strictness required by the rules of the common law.   Boone, Code Pl. sec. 22.   Under sec. 2674, R. S., it is sufficient to state generally that he *duly* performed, etc.   Bliss, Code Pl. sec. 301.   In this case the plaintiff does not even allege that the tender was *duly* made.

COLE, C. J.   We are unable to see any defect in the complaint in this case.   It states, in substance, that the defendant, by his authorized agent, entered into a contract with the plaintiff, wherein and whereby the defendant agreed to sell and convey to the plaintiff certain real estate, describing it, for a consideration mentioned.   This was in the month of February, 1887.   The same month, it is alleged, the plaintiff demanded a conveyance of the property, and tendered the balance of the consideration specified in the contract; and in March, it is alleged, another demand for the conveyance was made, and the balance of the consideration tendered.   The complaint then proceeds to state that the defendant refused to execute a conveyance of the property to the plaintiff, but sold and conveyed the same to another party, thus putting it out of his power to carry out the con-

tract on his part. The action is to recover damages for the failure of the defendant to keep and perform his contract, which, it is alleged, was the sum of $600.

Now, it is said in support of the demurrer that the complaint fails to allege that the plaintiff duly performed the conditions of the contract on his part to be performed. This is surely a mistake, as a bare reading of the complaint will show. The plaintiff demanded a conveyance and tendered the balance of the consideration the same month the contract was made. It does not appear that any particular time was named for paying the purchase money on the contract, and the law presumes it was to be paid within a reasonable time. · It would be a violent presumption to say, on the facts stated, that it was not tendered within a reasonable time. . The complaint shows a performance of the contract on the part of the plaintiff with sufficient fullness and certainty.

Again, it is said the complaint does not set out the contract in full. We must assume that the contract was in writing, and valid under the statute of frauds. There was no necessity of setting out the contract in *hæc verba*.

In the construction of the pleadings for the purpose of determining their effect the allegations are to be liberally construed with a view to substantial justice between the parties (R. S. sec. 2668), and it would be a gross violation of that rule to hold that the complaint did not state a cause of action.

The demurrer was properly overruled.

*By the Court.*— The order of the circuit court is affirmed, and the cause is remanded for further proceedings.